IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14 CV 1698 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| REAL PROPERTIES LOCATED AT: | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| 7915 RIDGETOP DRIVE, TWINSBURG, | ) | |
| SUMMIT COUNTY, OHIO, PERMANENT | ) | |
| PARCEL NO.: 62-05517, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Amend Case Forfeiture (Docket #51) filed by Delores Knight. Ms. Knight asks the Court to amend the Civil Forfeiture Case "to correct the error [of] forfeiture of 7915 Ridgetop Drive, Twinsburg, Summit County, Ohio ("the Property"), arguing that the Property was unconstitutionally seized in violation of the Fourteenth Amendment Due Process Clause.

I.  Factual and Procedural Background.

As accurately set forth by the United States, the Factual and Procedural Background of this matter is as follows:

1. On August 4, 2014, the United States filed the Complaint in Forfeiture R. 1) in the instant case. Therein, forfeiture of the following properties was sought:

- 1048 Morning Glory Drive, Macedonia, Summit County, Ohio (Permanent Parcel Number: 33-13189); and,

- 7915 Ridgetop Drive, Twinsburg, Summit County, Ohio (Permanent Parcel Number: 62-05517).

2. On January 25, 2017, a Status Conference was held in the instant case. Thereafter, on January 27, 2017, Minutes of Proceedings R. 48) were filed, which stated the following: ". . . Government will work through criminal case and then dismiss this case. Case will be stayed. , , , "

3. On January 20, 2017, a jury trial was concluded in the related criminal case as to defendant Delores Knight. Guilty verdicts were returned on Counts 1, 2-3, and 7-15 of the Indictment. Count 1 charged defendant Knight with Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. Counts 2-3 charged Health Care Fraud, in violation of 18 U.S.C. § 1347; and, Counts 7-15 charged Money Laundering, in violation of 18 U.S.C. § 1957. (See, N.D. Ohio Case No. 1:15-CR-222, R. 110: Jury Verdict as to Delores Knight).

4. Also on January 20, 2017, jury verdicts on forfeiture were returned as to Delores Knight. The jury found that the above-described properties are subject to forfeiture. (N.D. Ohio Case No. 1:15-CR-222, R. 112: Jury Verdict on Forfeiture). Particularly, the jury found that the above-described properties:

(i) were purchased, directly or indirectly, with gross proceeds from the offense (Conspiracy to Commit Health Care Fraud) charged in Count 1 of the Indictment;

(ii) were purchased, directly or indirectly, with gross proceeds from the offense (Health Care Fraud) charged in Counts 2-3 of the Indictment; and,

(iii) were involved in the money laundering offenses. (Id.)

5. On May 19, 2017, the Final Order of Forfeiture was entered in the related criminal case. (N.D. Ohio Case No. 1:15-CR-222; R. 152: Final Order of Forfeiture). As set forth in that document, each/all of the procedural safeguards of 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure were satisfied. Particularly:

- In accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of the forfeiture was posted on an official government internet site for at least 30 consecutive days, beginning on February 15, 2017 and ending on March 16, 2017. (Id., at ¶ 4).

  No third-party claims to the subject properties were made as a result of the internet notification. (Id., at ¶ 5).

- Mark Adams, the surviving spouse of Theresa Adams, was a potential third-party claimant to the subject property located at 7915 Ridgetop Drive, Twinsburg, Ohio. (Id., at ¶ 6).
  The United States Attorney's Office, Northern District of Ohio (USAO), and Mark Adams entered into an Agreement with respect to the subject Ridgetop Drive property. Therein, Mark Adams consented to the forfeiture of the property and the USAO acknowledged that the forfeiture of the property "does not include personal effects located at the property, such as wedding albums and movable furniture (e.g., tables, chairs, sofas)." (Id., at ¶ 8).

- The Estate of Theresa Adams, Deceased – Delores Knight, Executor, also was a potential third party claimant to the subject property located at 7915 Ridgetop Drive, Twinsburg, Ohio. (Id., at ¶ 9).

  On February 15, 2017 – pursuant to 21 U.S.C. § 853(n)(1) and Rules G(4)(b)(iii)(A) and G(4)(b)(iii)(B) of the Supplemental Rules for . . . Asset Forfeiture Actions (as incorporated by Rule 32.2(b)(6)(D) of the Federal Rules of Criminal Procedure) - service of a Notice of Forfeiture was made, by certified mail, on the Estate of Theresa Adams, Deceased – Delores Knight, Executor, c/o Bradford D. Zelasko, Esq. (Id., at . ¶¶ 10 and 13; see, also, N.D. Ohio Case No. 1:15-CR-222; R. 126: Return of Service). Bradford D. Zelasko was the attorney for Executor Delores Knight. (Id., at ¶ 10).

  The Estate of Theresa Knight Adams, Deceased – Delores Knight, Executor, failed to file a petition asserting an interest in the subject Ridgetop Drive property as required by 21 U.S.C. § 853(n)(2). (Id., at ¶ 14).

6. Finally, all forfeiture-related issues involving the above-described properties having been handled in the related criminal case (N.D. Ohio Case No. 1:15-CR-222), this Court dismissed the instant civil forfeiture case by a marginal

entry Order R. 50) filed on June 7, 2017.

(Docket #52 at pp.2-4, Footnote Omitted.)

Assistant AUSA James L Moreford states that he was in communication with attorney Bradford D. Zelasko, the attorney for Executor Delores Knight, during the relevant time period and attaches an email chain confirming Mr. Zelasko was aware of the Forfeiture Action against the Property. (Docket #52 at Footnote 1, citing Exhibit 1.)

**II.    Conclusion.**

The Property was finally forfeited to the United States in Case No. 15 CR 222, and, as set forth above, each of the procedural safeguards set forth in 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2 was satisfied. The Estate of Theresa Adams, Deceased-Delores Knight, Executor, as a potential third-party claimant to the Property, was properly notified of the Forfeiture Action, but did not file a Petition asserting an interest in the Property in the related criminal case.

Accordingly, the Motion to Amend Case Forfeiture (Docket #51 is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: February 5, 2021

-4-